IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE IMAGINE360, LLC DATA SECURITY INCIDENT LITIGATION | : : : : : : : : : : : | CIVIL ACTION<br><br>No. 23-2603<br>and all related cases |

### ORDER

**AND NOW**, this 16th day of October 2023, upon consideration of the Unopposed Motion to Consolidate (Case No. 23-2603, Doc. No. 8) ("Motion") and for the reasons set forth in the accompanying Memorandum, it is hereby **ORDERED** that:

### I. INTERIM CO-LEAD CLASS COUNSEL

Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth, so that they may suggest procedures that will facilitate the expeditious, economical, and just resolution of this Litigation. These procedures include, but are not limited to, structure and timing of discovery plans, amendments of pleadings, pre-trial consideration of substantive issues, communications, and the like.

The following counsel have been appointed as Interim Co-Lead Class Counsel for the proposed class: Mason Barney of Siri & Glimstad, LLP & Nicholas A. Colella of Lynch Carpenter, LLP.

This appointment may be modified or reconsidered by the Court as this Litigation progresses, and all parties' counsel are instructed to notify the Court in writing if any issues arise that warrant such modification or reconsideration. Interim Counsel shall perform their respective

1

functions in accordance with their representations to the Court. The Court also expects Interim Counsel to confer conscientiously with all other counsel representing any plaintiff in this Litigation. Counsel shall pay particular attention to identifying issues that may distinguish varying interests between or among the various plaintiffs, and counsel shall articulate such distinguishing issues to the Court promptly.

Interim Counsel shall, at a minimum, have the following responsibilities:

a. **DISCOVERY.** Counsel shall:

- Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

- Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with this Litigation;

- Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the trial of relevant issues; and

- Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of the plaintiffs, in a fashion in keeping with practice guidelines to be established in subsequent discovery plans or orders of this Court.

b. **HEARINGS AND MEETINGS.** Counsel shall:

- Call meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

- Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;

- Examine witnesses and introduce evidence at hearings on behalf of plaintiffs; and

- Communicate on behalf of all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

c. **MISCELLANEOUS.** In addition, Counsel shall:

- Serve as the primary contact for communications with the Court and defense counsel;

- Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system). Interim Counsel are authorized to receive orders, notices, and communications from the Court on behalf of the plaintiffs. Interim Counsel shall maintain complete files of all documents served upon them in hard copy or electronic form;

- File and argue any verbal or written motions presented to the Court on behalf of the plaintiffs and oppose when necessary any motions filed by Defendant or other parties which involve matters within the sphere of the responsibilities of the Interim Counsel;

- Delegate specific tasks to Plaintiffs' counsel on an as-needed basis to ensure the efficiency and non-duplication of effort in this Litigation. Interim Counsel shall implement a monthly billing protocol by which Plaintiffs' counsel must submit monthly time and expense reports to Interim Counsel for any work for which they intend to seek compensation at the end of the Litigation. No

3

Plaintiff's counsel shall be authorized to perform any common benefit work for which they will seek compensation without the express authorization of Interim Co-Lead Class Counsel;

- Negotiate and enter into stipulations with Defendant regarding this Litigation. All such stipulations must be submitted to the Court for approval, except for purely administrative details. Any attorney not in agreement with a non-administrative stipulation may file with the Court a written objection thereto within ten (10) days after he or she knows or reasonably should have become aware of the stipulation. Failure to timely object shall be deemed a waiver, and the stipulation shall be binding on that party;

- Explore, develop and pursue all settlement options pertaining to any claim, party or issue in any case filed in this Litigation;

- Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs or their attorneys;

- Prepare periodic status reports summarizing Plaintiffs' counsel's work and progress as set forth in Paragraph II of this Order. These reports shall promptly be distributed to the other Plaintiffs' attorneys; and

- Perform any task necessary and proper for the Interim Counsel to accomplish their respective responsibilities as defined or authorized by the Court's orders.

Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

The Court's appointment of Interim Counsel in no way prevents or limits other attorneys from applying for long-term Lead, Class or Liaison Counsel status. In the event that additional counsel seek such appointment, they may address the issue in a motion to the Court. The main criteria for such leadership will be willingness and availability to commit to a time-consuming project, ability to work cooperatively with others, professional experience in this type of litigation, and access to sufficient resources to prosecute the litigation in a timely manner. Applications should succinctly address each of the above criteria and any other relevant matters, and should include a curriculum vitae and a statement of qualifications, and any other pertinent information for the Court to consider. Counsel shall include in their motions an explanation as to the functions to be performed by each applicant. Only attorneys of record in this litigation may apply. Objections may be made to the motion of any applicant. Objections must be in writing, must be succinct, and must be supported by necessary documentation. Any objection also must be served on the Court and all counsel on the day of filing.

## II.  STATUS REPORTS

On the first Monday of every month (or the first business day thereafter in the event that the first Monday is a national designated holiday), the parties, through Interim Counsel, shall submit a letter status report to the Court. Such reports shall not be filed on the docket. This report shall list, inter alia, all pending motions, along with their current status, any discovery taken to date subsequent to the immediate prior status report, to the extent known, upcoming scheduled discovery, scheduling disputes requiring the Court's input or resolution, and other scheduled activities related to this Litigation. Except for good cause shown or with the Court's express authorization to do otherwise, a single status report shall be submitted on behalf of all plaintiffs and all defendants.

Quarterly, every calendar year, beginning on January 2, 2024, Interim Counsel shall submit a time and expense report, for any work for which counsel for any plaintiff intends to seek compensation at the end of the litigation. Such submissions must be made on the first Monday of every third month of the calendar year (or the first business day thereafter in the event that the first Monday is a national designated holiday), such that the submissions are filed in January, April, July, and September. These quarterly reports shall be submitted to the Court on an *ex parte* basis.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE
